**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Nicole-Pickett, | No. CV-16-03262-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank, N.A., et al., | |
| Defendants. | |

Plaintiff Tracy Nicole-Pickett has asserted claims against Defendants Wells Fargo Bank, N.A., U.S. Bank National Association, Mortgage Electronic Registration Systems, Inc. (MERS), and other Defendants who have not appeared in this action. Defendants Wells Fargo and U.S. Bank have filed joined motions to dismiss, Plaintiff has filed a motion to remand, and the Court scheduled a case management conference for December 7, 2016. This order will grant Defendant Wells Fargo's motion and dismiss Plaintiff's remaining claims for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**I.     Wells Fargo's Motion to Dismiss.**

Defendant Wells Fargo argues that Plaintiff's claims against it are barred by res judicata because Plaintiff previously sued Wells Fargo on the same claims in this Court, and Judge Wake dismissed her claims with prejudice. Three elements are required for res judicata to apply: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning*

*Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). An identity of claims exists when two suits arise from "'the same transactional nucleus of facts.'" *Id.* at 1078 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001)). "'Res judicata bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action between the parties, where the previous action was resolved on the merits." *Id.* (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)). "'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'" *Id.* (quoting *Barajas*, 147 F.3d at 909).

The action before Judge Wake, *Pearson v. Wells Fargo*, CV-14-00726-PHX, involved claims by Plaintiff (in her previous married name) against Wells Fargo. The suit was based on a trustee's sale of Plaintiff's home for failure to make mortgage payments. Plaintiff alleged that Wells Fargo could not produce her note and prove its right to foreclose, that a third party paid off her mortgage, that her note was improperly transferred to an investment vehicle, and that Plaintiff made her mortgage payments. CV-14-00726, Doc. 14. After affording Plaintiff three opportunities to amend her complaint, Judge Wake dismissed her claims against Wells Fargo with prejudice and judgment was entered against her. *See* CV-14-00726, Docs. 38, 39.

Plaintiff's claims in this case are not easily identified because her complaint includes numerous densely-worded single-spaced pages and a series of out-of-order claims. Doc. 1-1. Plaintiff summarized her claims against Wells Fargo in response to its motion to dismiss as follows: the trustee's sale was improper because no default occurred, Wells Fargo does not own the note on her property, Plaintiff paid her mortgage and the debt was satisfied before the trustee's sale, and reinstatement was not allowed. Doc. 21 at 3.

The three elements of res judicata are satisfied: (1) This case has an identity of claims with Judge Wake's case because both cases arise out of Plaintiff's mortgage and

the trustee's sale of her house – the same transactional nucleus of facts. (2) Judge Wake entered a final judgment on Plaintiff's claims. (3) Plaintiff and Wells Fargo are the same parties that were involved in Judge Wake's case. The Court therefore will dismiss the claims against Wells Fargo with prejudice.

## II.     Dismissal Under Rule 41(b).

On October 31, 2016, the Court entered an order scheduling a case management conference in this case. Doc. 13. The conference was set for December 7, 2016, at 4:30 p.m., and directed the parties to meet and confer at least ten days in advance as required by Rule 26(f) and develop a joint case management report. The order stated that Plaintiff was responsible for initiating the conference. Doc. 27.

Plaintiff never initiated the conference. To facilitate a timely Rule 26(f) report, counsel for Wells Fargo wrote Plaintiff, enclosed a draft case management report, and requested that Plaintiff provide dates and times before November 25, 2016, when Plaintiff would be available to confer, together with a telephone number where she could be reached. Doc. 27 at 2 & Ex. A. Plaintiff did not respond. Counsel attempted to reach Plaintiff by telephone at the number listed on her pleadings prior to filing the case management report, but Plaintiff did not respond. *Id*.

In addition, Plaintiff refused to accept mail unless it was addressed to her in a precise manner. Doc. 24, Ex. A. If her name was spelled incorrectly, Plaintiff refused to accept the mail, even if it was related to this litigation. As a result, a number of letters sent to Plaintiff's address by the Court and defense counsel have been returned. *See* Docs. 10, 11, 12, 24.

On several occasions before the case management conference, Plaintiff stated either in writing or in phone calls to the Court's staff that she would not appear for the case management conference. The Court's staff told her, repeatedly, that she was obligated to appear at the conference in accordance with the Court's order.

On December 7, 2016, Plaintiff came to the courthouse, but refused to enter the courtroom. She instead spoke with the Court's Judicial Assistant on the Court's intercom

1 system and stated that she would not enter the courtroom for the conference. The Judicial
2 Assistant told Plaintiff that she was required to appear under the Court's orders.

3 Plaintiff stood outside the double doors in the back of the courtroom looking
4 through the glass window. When the Court saw Plaintiff standing outside the courtroom
5 doors, it directed the courtroom clerk to step outside and tell Plaintiff that she was
6 required to enter. Plaintiff refused. The Court directed the courtroom clerk to again step
7 outside the doors and tell Plaintiff that her case would be dismissed if she refused to enter
8 the courtroom and participate in the case management conference. Plaintiff initially
9 refused, but then entered the courtroom.

10 Plaintiff came to counsel table and stated that she was going to leave some papers
11 on the table and depart. The Court engaged Plaintiff in a conversation for approximately
12 30 minutes regarding her need to participate in the case management conference.
13 Plaintiff demanded instead that the Court rule on her motion to remand. The Court stated
14 that it would not rule on the motion because Defendants had not had an opportunity to
15 respond. Plaintiff stated that she did not consent to the Court's jurisdiction in this matter,
16 and that the only action the Court could take was to remand her case. When the Court
17 made clear that it would not rule on the motion to remand before Defendants had an
18 opportunity to respond, and that it intended to proceed with the case management
19 conference, Plaintiff refused to participate. This entire exchange occurred on the record.

20 After more than 30 minutes of attempting to persuade Plaintiff to participate in the
21 case management conference, and having no success, the Court told Plaintiff that her case
22 would be dismissed. Before this time, and after, Plaintiff stated that she wanted to
23 dismiss this action voluntarily if the Court would not grant immediate remand.
24 Defendants opposed a voluntary dismissal. The Court advised Plaintiff that it would
25 consider whether to allow her to voluntary dismiss her case or enter a dismissal under
26 Rule 41(b). Having considered those options, and in light of Plaintiff's steadfast refusal
27 to comply with the orders of the Court, the Court concludes that this action should be
28 dismissed under Rule 41(b) for failure to prosecute.

The Ninth Circuit has developed a five-part test to determine whether a dismissal sanction is just: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Engineers*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

Considering this five-factor test, the Court concludes that dismissal is appropriate. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendant will be prejudiced if a sanction of dismissal is not imposed and this case continues to languish due to Plaintiff's non-cooperation and defiance of court orders. The Court specifically warned Plaintiff that her action would be dismissed if she refused to participate in the case management conference, and the Plaintiff refused. The Court has considered less drastic sanctions, and concludes that the only reasonable alternative is dismissal without prejudice.

**IT IS ORDERED:**

1. Defendant Wells Fargo's motion to dismiss (Doc. 9) is **granted.** Plaintiff's claims against Wells Fargo are dismissed with prejudice on the basis of res judicata.

2. Plaintiff's claims against the remaining Defendants are dismissed without prejudice under Rule 41(b) for failure to prosecute.

3. The Clerk is directed to terminate this action.

Dated this 8th day of December, 2016.

*David G. Campbell*
United States District Judge