WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracy Nicole-Pickett, | No. CV-16-03262-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank, N.A., et al., | |
| Defendants. | |

The Court dismissed this case on December 8, 2016. Doc. 36. Dismissal of the claims against Defendant Wells Fargo Bank, N.A., was based on res judicata. Dismissal of the remaining claims resulted from Plaintiff's steadfast refusal to participate in a case management conference. Plaintiff has now filed a motion for reconsideration. Doc. 37.

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See*, *e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D.

581, 586 (D. Ariz. 2003). Motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink what it has already thought. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998).

Plaintiff provides no basis for the Court to conclude that its res judicata ruling was incorrect with respect to Defendant Wells Fargo. Plaintiff argues that it is "absurd" to conclude that her claims against Wells Fargo in this case are not new. Doc. 37 at 5. The Court disagrees for reasons stated in its previous order (Doc. 36 at 2), but also notes, again, that "'[r]es judicata bars relitigation of all grounds of recovery that were asserted, *or could have been asserted*, in a previous action between the parties, where the previous action was resolved on the merits.'" *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)) (emphasis added). "'It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought.'" *Id.* (quoting *Barajas*, 147 F.3d at 909).

Plaintiff's arguments regarding the remainder of the dismissal are also unavailing. She argues again that her mortgage was paid in full, the trustee's sale was wrongful, etc. Doc. 37. She does not address the fact that she refused to participate in the case management conference despite repeated efforts by the Court and its staff to persuade her to do so. Nor does she argue that the Court incorrectly applied the factors in *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). *See* Doc. 36 at 5.

Plaintiff again argues that the Court should have remanded this case to state court, but she does not dispute that Defendants had no opportunity to respond in writing to her motion to remand before the case management conference. Once the case had been removed, the Court had the authority to "issue all necessary orders and process to bring

before it all proper parties," 28 U.S.C. § 1447(a), including through a case management conference. Plaintiff's adamant refusal to comply with the Court's order and participate in the conference provided a valid basis for dismissal under Rule 41(b).

Plaintiff appears to argue, as she did in her remand motion, that the removal was not joined by all Defendants. But 28 U.S.C. § 1446(a)(2) states that removal must be made only by "all defendants who have been properly joined and served[.]" At the time of removal, only Wells Fargo had been served. Doc. 1 at 2.

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration (Doc. 37) is **denied**.
2. Plaintiff's motion to postpone hearing (Doc. 38) is **denied as moot**.

Dated this 12th day of December, 2016.

_____
David G. Campbell
United States District Judge

- 3 -